# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Robert Venetucci,                            Civil No. 10-89 ADM/AJB

         Plaintiff,

v.                            **REPORT AND RECOMMENDATION**

Warden B.R. Jett, et al.,

         Defendants.

This matter is before the Court, United States Chief Magistrate Judge Arthur J. Boylan, for Report and Recommendation on defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), lack of subject matter jurisdiction, or alternatively, for summary judgment [Docket No. 22]. Plaintiff filed a pro se complaint for violation of civil rights under 42 U.S.C. § 1983, on February 11, 2011. Mr. Venetucci is a treaty transfer prisoner from Italy who is serving a life sentence. He is incarcerated at the Federal Medical Facility at Rochester, Minnesota. The defendants are Brian Jett, the Warden at FMC-Rochester; Dr. Shelly Stanton, Chief of Psychiatry at FMC-Rochester; and Dr. Mike Nelson, Clinical Director at FMC-Rochester.

The complaint alleges deliberate indifference to serious medical needs based upon facts relating to the plaintiff's medical condition, specifically with respect to an abdominal hernia from which he suffered, and Mr. Venetucci's desire to correct the condition by way of surgery. In his Prayer for Relief the plaintiff expressly requested that the court find that the defendants have violated the plaintiff's constitutional rights and issue an emergency order "requiring the Defendants to provide surgery necessary to repair the large ventral hernia that he

so desperately needs."[1]  The pleading contains no request for compensatory damages.

Defendants now move to dismiss the complaint without prejudice on grounds that the plaintiff has obtained the requested surgery and the claim is therefore moot.  Defendants have submitted evidence that hernia surgery was performed on Mr. Venetucci at the Mayo Clinic on November 12, 2010.[2]  As a jurisdictional point, the defendants contend that there is no longer a case or controversy to be considered by the court.  The court consequently lacks subject matter jurisdiction in the matter and is properly dismissed pursuant to Fed. R. Civ. P. 12(b)(1).  The court issued an Order to Take Action on the Motion to Dismiss on December 16, 2010, therein advising the plaintiff that he would have until January 3, 2011, in which to submit a response to the defendants' motion to dismiss.  Mr. Venetucci was further advised that "[f]ailure to provide a timely written response will result in a report and recommendation to the district court that this case be dismissed as moot."[3]  There has been no response to the motion to dismiss or the Order to Take Action from the plaintiff.

Now therefore, based upon the pleadings and entire record in this case, including the defendants' motion to dismiss and the plaintiff's failure to take action pursuant to the court's Order dated December 16, 2010, the Court makes the following:

### RECOMMENDATION

The Chief Magistrate Judge hereby **recommends** that:

1. Defendants' Motion to Dismiss be **granted** [Docket No. 22] and that plaintiff

---

[1] Complaint, page 7 [Docket No. 4].

[2] Declaration of Julie Groteboer, ¶ 3, Attachment A, Operative Report [Docket No. 25].

[3] Order dated December 16, 2010 [Docket No. 27].

Robert Venetucci's complaint be **dismissed** without prejudice on mootness grounds.

      2. Plaintiff Robert Venetucci's Motion for Order of Default and Request for an Emergency Order be **denied as moot** [Docket No. 13]. The request for an emergency order is moot on the same grounds that support dismissal of the action, i.e. the plaintiff was seeking hernia surgery and the relief has been obtained. Likewise, default would allow only relief which has already been obtained.[4]

Dated:   January 7, 2011

                                        s/Arthur J. Boylan
                                        Arthur J. Boylan
                                        United States Chief Magistrate Judge

      Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before January 25, 2011.

---

[4] In any event, plaintiff would not be entitled to default judgment in this matter because the motion was filed before the summons and complaint had been served. The summons and complaint were served on July 6, 2010 [Docket No.14]. On September 8, 2010, the defendants were granted an extension of time to answer or otherwise respond to the complaint based upon a stipulation executed by the plaintiff [Docket Nos. 15 and 16], and on November 2, 2010, defendants timely obtained a further extension of time until December 15, 2010, to answer or otherwise respond to the complaint [Docket No. 21]. The motion to dismiss was timely filed on December 15, 2010.